IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
MARGARET (AVIS) WILLIAMSON,    )
                               )
              Plaintiff,       )         8:05CV106
                               )
       v.                      )
                               )
NEBRASKA EQUAL OPPORTUNITY     )         MEMORANDUM OPINION
COMMISSION, KRISTIN MATTSON,   )
and GRETCHEN EURE,             )
                               )
              Defendants.      )
_____)
```

This matter is before the Court on the motion to dismiss filed by the defendants Nebraska Equal Opportunity Commission ("NEOC"), Kristin Mattson and Gretchen Eure (cumulatively "defendants")(Filing No. 9). Having reviewed the motion, briefs, evidentiary submissions and the applicable law, the Court finds that defendants' motion to dismiss should be granted.

Plaintiff Margaret (Avis) Williamson ("Williamson") was a temporary employee, employed as a secretary by the NEOC when she was fired on June 8, 2001. On July 19, 2001, Williamson filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964. In correspondence dated August 21, 2001, the EEOC dismissed the complaint and informed Williamson that she had the right to file suit against the defendants within ninety (90) days of Williamson's receipt of this notice. A copy of this "Right to Sue" letter was also sent to the NEOC where it was received on

August 24, 2001.  On March 7, 2005, Williamson filed this lawsuit pro se against the defendants, alleging that she was terminated because of her race (Filing No. 1).

Title VII requires that a civil action be filed within ninety days after receipt of the "Right to Sue" letter from the EEOC.  Title 42, U.S.C. § 2000e-5 (f)(1).  Here, Williamson filed this civil action not within ninety days, as required under the statute, but more than three and one-half years later.  In her response to defendants' motion to dismiss, Williamson does not deny timely receipt of the "Right to Sue" letter.  Furthermore, NEOC's August 24, 2001, receipt of its copy of the same letter evidences that the letter was sent on or about August 21, 2001.  The defendants are entitled to rely on the presumption that the right-to-sue letter was received by Williamson.

The law presumes that correspondence properly addressed, stamped and mailed was received by the individual or entity to whom it was addressed.  *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1335 (S.D. Iowa 1993)(citations omitted).  "The rule is well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."  *Id.* (quoting *Arkansas Motor Coaches v. Commissioner*, 198 F.2d 189, 191 (8th Cir. 1952).  "While the presumption is a rebuttable one it is a very strong presumption and can only be rebutted by specific facts and not by

invoking another presumption."  *Arkansas Motor Coaches*, 198 F.2d at 191.

Here, Williamson presents no grounds to rebut the presumption that she timely received the "Right to Sue" letter. In fact, she asserts in her complaint that the EEOC "got rid of [her] case," and cites the assigned case number.  Knowledge that the EEOC got rid of her case suggests that Williamson did receive her "Right to Sue" letter which specifies that she "must sue WITHIN 90 DAYS from your receipt of this Notice."  Thus, Williamson's cause of action arising pursuant to Title VII is untimely and defendant's motion to dismiss will be granted.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 20th day of April, 2005.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court